IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 96-11258

Summary Calendar

———————————

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

DONNA SUE MCDANIEL, also
known as Donna Cooksey, also
known as Donna Sue Hanson,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Northern District of Texas
( 4:95-CR-148-3)

———————————

June 5, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Donna Sue McDaniel argues that the district court abused its discretion in not granting

McDaniel's oral motion to withdraw her guilty plea based on the government's breach of their plea

agreement.

———————————

   [*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

We have reviewed the record, including the plea agreement and the district court's opinion, and AFFIRM McDaniel's conviction. The record does not support McDaniel's assertion that the government promised in the plea agreement to file a motion for a downward departure if McDaniel provided the government with information. Rather, the government agreed to "advise the court, via the probation office, of the extent of the defendant's cooperation . . . [and] to dismiss the remaining counts of the Indictment as to this defendant . . . ."[1] Based on that factor and the totality of the other circumstances involved, McDaniel has not demonstrated that the district court abused its discretion in denying the motion to withdraw her guilty plea. *See U.S. v. Bond*, 87 F.3d 695, 701 (5th Cir. 1996).

McDaniel also argues that the district court erred in denying her motion for the appointment of substitute appellate counsel to review trial counsel's work and requests this court appoint substitute counsel to review the record and file a supplemental brief. It is not clear from the record provided to this court whether McDaniel filed any such motion for appointment of substitute counsel in the district court. If such a motion was filed, it was properly denied because appellate counsel could not argue on direct appeal that trial counsel was ineffective; McDaniel did not develop the ineffective-assistance claim in the district court. *See U.S. v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987). A 28 U.S.C. § 2255 motion is the proper avenue for raising such a claim. *See U.S. v. Smith*,

---

[1] We are aware o f no legal precedent for McDaniel's assertion that "[m]aking a defendant's cooperation known to the sentencing Judge is universally understood to encompass the filling of a Motion for Downward departure if the defendant's cooperation is valid." Our review of the record indicates that the government did inform the sentencing judge of the nature, extent, and usefulness of McDaniel's cooperation; Judge McBryde sentenced McDaniel at the bottom of the guideline range based in part on this information from the government.

844 F.2d 203, 206 (5th Cir. 1988). For the same reason, McDaniel's motion for appointment of substitute appellate counsel to this court is DENIED.

AFFIRMED.